IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 08-cv-02317-MSK-BNB

MICHAEL R. BROWNING, and
DEANNA D. BROWNING,

    Plaintiffs,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a Wisconsin corporation,

    Defendant.

---

# ORDER DENYING MOTION TO REMAND

THIS MATTER comes before the Court on the Plaintiffs' Motion to Remand **(#9),** to which the Defendant responded **(#10)** and the Plaintiffs replied **(#11).** Having considered the same, the Court

**FINDS** and **CONCLUDES** that:

## I. Jurisdiction

For purposes of determining the instant motion, the Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

## II. Issue Presented

The Plaintiffs commenced this action in the Denver District Court. On October 24, 2008, the Defendant removed the case to this Court and asserted that this Court may exercise subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

The Plaintiffs move to remand the case to state court. They do not contend that the Court lacks subject matter jurisdiction nor that the removal was untimely. Rather, the sole basis for

their motion is that the Defendant failed to file notice of the removal in the state court until 18 days after it filed the notice in this Court.  The Defendant agrees that there was such a delay, but states that it was the result of a staff member's inadvertent failure to follow counsel's instruction to file the notice with the state court.  The Defendant also asserts that the state court took no action on the case prior to receiving notice of the removal, and the Plaintiffs do not contest this.

The issue presented is whether the 18-day delay in filing notice with the state court of the removal of this case requires the Court to remand the case to the state court.

### III.  Analysis

Under 28 U.S.C. § 1446(d), "**Promptly** (emphasis added) after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded."  The dispute, here, is whether the an 18 day delay in filing of the notice of removal with the state court was sufficiently "**prompt**" to satisfy the statutory requirement.

There is no specific statute or rule that sets a particular time period for the filing of the notice of removal in the state court.  There is no statutory provision that defines what is "promptly" filed within the meaning of 28 U.S.C. § 1446(d), nor is there binding caselaw which addresses the meaning of "promptly" in this context.

However, the term "prompt" is customarily defined as "being ready and quick to act as occasion demands," and "performed readily or immediately."  *See* Merriam-Webster's Collegiate Dictionary, 10th Ed. (2001).  Because the definition of "prompt" is tied to the occasion in which the need to act arises, what constitutes prompt filing of notice with the state court depends upon the circumstances of the case.  Wright & Miller, FEDERAL PRACTICE AND PROCEDURE, 14C FPP

§ 3736.

The purpose behind 28 U.S.C. § 1446(d) is to divest the state court of jurisdiction and to give notice to the state court that it must take no further action on the case. *See Adair Pipeline Co. v. Pipeliners Local Union No. 798,* 203 F. Supp. 434, 437 (S.D. Tex. 1962), *aff'd,* 325 F.2d 206 (5th Cir. 1963); *see also Berberian v. Gibney,* 514 F.2d 790, 792-93 (1st Cir. 1975) (explaining the concurrent jurisdiction which exists until the state court receives notice of the removal). In deciding whether notice of removal was promptly given, district courts have considered this purpose and whether a state court acted after the notice of removal was filed in federal court but prior to receiving notice. *See, e.g., Nixon v. Wheatley,* 368 F. Supp. 2d 635, 640 (E.D. Tex. 2005) (court did not act, and notice was prompt); *Calderon v. Pathmark Stores, Inc.,* 101 F. Supp. 2d 246, 247-48 (S.D.N.Y. 2000) (same). Here, the state court did not take any action during the 18-day period before it received notice of the removal, nor did any party rely to its detriment upon the delay in the filing of the notice. Therefore, the Court finds that, for the purposes of this case, the filing of the notice of removal in the state court was sufficiently prompt to satisfy the purposes of 28 U.S.C. § 1446(d).

**IT IS THEREFORE ORDERED** that the Plaintiffs' Motion to Remand **(#9)** is **DENIED**.

Dated this 17th day of December, 2008

**BY THE COURT:**

*Marcia S. Krieger*
_____
Marcia S. Krieger
United States District Judge